Jack C. LAMBERT, Appellant,

v.

Lawrence E. WILSON, Warden of the California State Prison at San Quentin, et al., Appellee.

No. 22063.

United States Court of Appeals Ninth Circuit.

Oct. 4, 1968.

Al Katz (argued), Chicago, Ill., for appellant.

Joyce F. Neddle (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., of Cal., Jerome C. Utz, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and SMITH, District Judge.*

PER CURIAM:

Appellant admittedly killed his wife. There was substantial evidence of premeditation. The defense, a lack of specific intent because of intoxication, failed. Defendant was convicted of murder in the first degree and sentenced to life imprisonment. He filed a petition in the United States District Court for a writ of habeas corpus and after an evidentiary hearing the district court denied the petition.

The contention made here and below is that the petitioner was denied the effective aid of counsel because:

1. No objection was made to a coerced confession.

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

2. The defense of intoxication was so insubstantial as compared with the defense not offered, i. e., that there was a lack of intent because of defendant's diminished responsibility under the Wells-Gorshen doctrine [1] that defendant was denied due process.

3. That defendant was not consulted about and did not consent to the defensive theory employed.

In an order denying the petition for the writ and another denying a motion for rehearing the district court considered each of these claims, found the facts against the petitioner and on the whole record concluded that petitioner's counsel was adequate and able and that there was no denial of fundamental fairness. In our opinion the record supports the findings of fact and we agree with the district court's conclusion that the case does not fall within the ambit of Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962).

The orders appealed from are affirmed.

Affirmed.

[1]. People v. Wells, 33 Cal.2d 330, 202 P.2d 53 (1949); People v. Gorshen, 51 Cal.2d 716, 336 P.2d 492 (1959).